Vaughn Fisher, ISB No. 7624
Marta Horton, ISB No. 11192
FISHER HUDSON SHALLAT
950 W. Bannock St., Ste. 630
Boise, Idaho 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
vaughn@fisherhudson.com
marta@fisherhudson.com
service@fisherhudson.com

Ray L. Wong ISB No. 4552
DUANE MORRIS LLP
One Market Plaza, Ste. 2200
San Francisco, California 94105
Telephone: (415) 957-3149
RLWong@duanemorris.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN FORDEMWALT, ex rel BASELINE, INC. and individually,<br><br>Plaintiff,<br><br>vs.<br><br>HYDROPOINT DATA SYSTEMS, INC. a Delaware Corporation, CHRIS SPAIN an individual, LOU RYAN JR, an individual, JOHN MORRISSEY, an individual and TEYMOUR BOUTROS-GHALI, and individual,<br><br>Defendants. | Case No.: 1:22-cv-395<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff John Fordemwalt, ex rel Baseline, Inc., and as an individual, by

and through his counsel of record, FISHER HUDSON SHALLAT and DUANE MORRIS, and

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

complains and alleges against Defendants Hydropoint Data Systems, Inc., Chris Spain, Lou Ryan Jr., John Morrissey and Teymour Boutros-Ghali as follows:

## I.     INTRODUCTION – NATURE OF THE ACTION

This is a derivative and direct action brought by John Fordemwalt, a minority shareholder and former President of Baseline, Inc., on behalf of Baseline, Inc. and as an individual, against the Hydropoint Data Systems, Inc., Baseline's largest shareholder and certain individuals who serve as directors and officers of both Baseline, Inc. and Hydropoint Data Systems, Inc.

## II.     PARTIES AND JURISDICTION

1.  Plaintiff John Fordemwalt ("Fordemwalt") is a Baseline, Inc. shareholder and resident of Boise, Ada County, Idaho.

2.   Nominal Defendant, Baseline, Inc. ("Baseline"), is an Idaho corporation duly registered with the Idaho Secretary of State.

3.  Hydropoint Data Systems, Inc. ("Hydropoint") is a Delaware corporation, based in Petaluma, CA and is the largest shareholder of Baseline stock.  Hydropoint transacts business in Idaho and has committed intentional and/or negligent wrongful acts in Idaho, including its oppression of Baseline minority shareholders, who reside in Idaho, through its misappropriation of Baseline funds and its willful and wanton breach of its fiduciary duties to those other shareholders, and is subject to the jurisdiction of this Court pursuant to I.C. §5-514.

4.  Chris Spain ("Spain") is a California resident and serves as Hydropoint's CEO and President and also as Baseline's President.  Spain transacts business in Idaho, serves as president of Idaho corporation Baseline and has committed intentional and/or negligent wrongful acts in Idaho, including conspiring with other Baseline directors to oppress the

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

Baseline minority shareholders through Hydropoint's misappropriation of Baseline funds and his willful and wanton breach of fiduciary duties to those shareholders, and is subject to the jurisdiction of this Court pursuant to I.C. §5-514.

5.   Lou Ryan Jr. ("Ryan") is a California resident and serves as Chairman of Hydropoint and as a director of Baseline.  Ryan transacts business in Idaho, serves as a director of Idaho corporation Baseline and has committed intentional and/or negligent wrongful acts in Idaho, including conspiring with other Baseline directors to oppress the Baseline minority shareholders through Hydropoint's misappropriation of Baseline funds and his willful and wanton breach of fiduciary duties to those shareholders, and is subject to the jurisdiction of this Court pursuant to I.C. §5-514.

6.   John Morrissey ("Morrissey") is a California resident and serves as a director and board member of both Hydropoint and Baseline.  Ryan transacts business in Idaho, serves as a director of Idaho corporation Baseline and has committed intentional and/or negligent wrongful acts in Idaho, including conspiring with other Baseline directors to oppress the Baseline minority shareholders through Hydropoint's misappropriation of Baseline funds and his willful and wanton breach of fiduciary duties to those shareholders, and is subject to the jurisdiction of this Court pursuant to I.C. §5-514.

7.   Teymour Boutros-Ghali ("Bourtos-Ghali") is a California Resident and serves as a director and board member of both Hydropoint and Baseline.  Boutros-Ghali transacts business in Idaho, serves as a director of Idaho corporation Baseline and has committed intentional and/or negligent wrongful acts in Idaho, including conspiring with other Baseline directors to oppress the Baseline minority shareholders through Hydropoint's misappropriation of

Baseline funds and his willful and wanton breach of fiduciary duties to those shareholders, and is subject to the jurisdiction of this Court pursuant to I.C. §5-514.

8. This Court has diversity jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

10. Fordemwalt was a Baseline shareholder at all times and during all actions described in this Complaint, and he fairly and adequately represents the interests of Baseline in bringing the derivative proceeding portion of this lawsuit and has standing to do so pursuant to I.C. §30-29-741.

## HISTORY OF BASELINE

11. Formed in 1998 in Idaho by engineers and agricultural industry professionals, including Fordemwalt, Baseline is an industry leader in the development and sale of soil moisture sensors and two-wire protocols and devices, smart controllers, and other irrigation products.

12. Currently an Idaho stock company registered with the Idaho Secretary of State on April 3, 2008, Baseline was capitalized and developed primarily by Idaho citizens.

## BUY-OUT BY HYDROPOINT

13. Hydropoint is a software company formed in 2002 by several individuals, including Spain.

14. In 2016, Hydropoint made a tender offer to purchase Baseline shares which resulted in it acquiring approximately 80% of the outstanding, undiluted Baseline shares.

15. Fordemwalt is one of the remaining Baseline minority shareholders.

## ABUSE OF MINORITY SHAREHOLDERS

16. The individual Defendants: Spain, Ryan, Morrisey, and Boutros-Ghali are each board

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

members of Baseline.

17. The individual Defendants: Spain, Ryan, Morrisey, and Boutros-Ghali are each board members of Hydropoint.

18. None of the Baseline board members owns any stock in Baseline.

19. Upon information and belief, there have been no Baseline board members qualified to vote on transactions between Baseline and Hydropoint since Hydropoint purchased 80% of its stock. Fordemwalt is aware of the intentional and/or negligent wrongful acts, described in this complaint, and may learn of other wrongful conduct by the defendants in his continuing investigation and discovery.

20. Upon information and belief, Baseline and its board members have failed to follow the Bylaws of Baseline by failing to notice and hold annual shareholder meetings, failing to establish and stagger the terms of the directors, failing to elect directors, failing to specify which director has been appointed to which term or when it ends, feeling to keep adequate records of the appointment and actions of directors, failing to keep books and records required by the Bylaws and Idaho Code and failing to provide shareholder with access to the corporate books and records.

21. Despite Baseline having no disinterested, qualified directors, Spain, Ryan, Morrissey and Boutro-Ghali ("Individual Defendants") have instigated and consummated a series of conflicted transactions between Baseline and Hydropoint, which have damaged the Baseline minority shareholders, including Fordemwalt individually.

22. Despite a lack of full unity of ownership interest, the Individual Defendants have integrated certain aspects of the operations, development, sales and accounting between Baseline and

Hydropoint, which have damaged the Baseline minority shareholders, including Fordemwalt individually.

23. Spain has verbally asserted that he intends to integrate Baseline and Hydropoint to such an extent the two entities are no longer distinct, despite having differing ownership and despite Baseline having no disinterested board members to assess and approve such integration.

24. As part of the Individual Defendants' plan to oppress and damage the Baseline minority shareholders, Baseline has been required to pay an intra company management fee to Hydropoint for services it was and is ostensibly receiving from Hydropoint.

25. The management fees are exorbitant in relation to the alleged service provided by Hydropoint to Baseline and the fees were not approved by disinterested, qualified Baseline directors.

26. As part of the Individual Defendants' plan to oppress and damage the Baseline minority shareholders, Baseline has created sales leads and opportunities for products and services which were subsequently diverted to Hydropoint, thereby diverting revenue to Baseline's largest shareholder and damaging the Baseline minority shareholders, including Fordemwalt individually.

27. The diversion of sales opportunities from Baseline to Hydropoint was not approved by disinterested, qualified Baseline directors.

28. As part of the Individual Defendant's plan to oppress and damage the Baseline minority shareholders, Baseline has been required to sell two-wire decoders to Hydropoint at cost, which Hydropoint then marked up and sold for significant profit, all of which inured to the benefit of Hydropoint.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

29. The sale of two-wire decoders to Hydropoint served to enrich Hydropoint, Baseline's largest shareholder, at the expense of the Baseline minority shareholders and the transactions were not approved by disinterested, qualified Baseline directors.

30. There is no legitimate business reason for Baseline to sell its decoders at cost to its largest shareholder and the transactions were not approved by disinterested Baseline directors.

31. The sale of two-wire decoders to Hydropoint at cost have damaged the Baseline minority shareholders, including Fordemwalt individually.

32. As part of the Independent Defendant's plan to oppress and damage the Baseline minority shareholders, Baseline has expended resources, including time, money and effort, on research and the development of new products and technology over which Hydropoint has asserted ownership and from which Hydropoint has obtained benefits.

33. There is no legitimate business reason for Baseline to provide products and technology to its largest shareholder without adequate compensation and the transactions were not approved by disinterested Baseline directors.

34. The use of Baseline resources to create products and technology for Hydropoint without adequate compensation to Baseline has damaged the Baseline minority shareholders, including Fordemwalt.

35. As part of the Individual Defendant's plan to oppress and damage the Baseline minority shareholders, Baseline was required to lend millions of dollars to Hydropoint at below market interest rates and without any collateralization.

36. The loans made by Baseline to Hydropoint were done so without any qualified, disinterested Baseline directors to assess and approve the loans.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

37. The loans made by Baseline to Hydropoint have damaged the Baseline minority shareholders, including Fordemwalt individually, and have unjustly enriched Hydropoint.

38. As part of the Individual Defendant's plan to oppress and damage Baseline minority shareholders Hydropoint unlawfully and inequitably exercised control and dominion over Baseline assets and resources, including taking control of Baseline money and assets.

39. As part of the Individual Defendant's plan to oppress and damage the Baseline minority shareholders, the Individual Defendants have failed to seat any board members qualified to approve of the transactions between Baseline and Hydropoint.

40. Hydropoint has required Baseline to reimburse it for legal fees and other costs ostensibly spent to the benefit of Hydropoint (not Baseline) and has done so without the vote of qualified, disinterested Baseline directors.

41. The various intracompany transactions, arrangements and transfers between Baseline and Hydropoint set forth in this Complaint constitute conflict of interest transactions as set forth in I.C. §30-30-619 as the Baseline directors that approved or acquiesced to the transactions, arrangements and transfers had a direct and indirect interest in the transactions as the result of their status as Hydropoint directors and shareholders.

42. The various intracompany transactions, arrangements and transfers between Baseline and Hydropoint set forth in this Complaint are voidable and serve as a basis for the personal liability of the Baseline directors that participated in the approving and acquiescing to those conflicted transactions.

43. On May 27, 2022, Fordemwalt sent a demand letter to the Individual Defendants pursuant to I.C. §30-29-742 asking that each of them investigate the various issues detailed in this

lawsuit and take appropriate action on behalf of Baseline, including recovering money for it.

44. Copies of the letters sent to the Individual Defendants are attached to this Complaint as Exhibit A, and incorporated by this reference.

45. On August 30, 2022, the Individual Defendants, through counsel, responded to the May 27, 2022 demand letter by admitting that each of them is a director of both Baseline and Hydropoint and conceding they are not qualified to conduct a reasonable inquiry into the issues raised in the demand letter.

46. As of August 30, 2022, there are no Baseline directors that are not also directors of Hydropoint.

47. As of August 30, 2022, there are no Baseline directors that own shares of Baseline stock.

## COUNT I
### Derivative Claim against all Defendants

48. Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1-47 of this Complaint, as if pleaded fully in this count.

49. Hydropoint and the Individual Defendants have engaged in acts of self-dealing and the diversion of corporate opportunities to Hydropoint.

50. Hydropoint and the Individual Defendants have breached their fiduciary duties to the Plaintiff and other Baseline minority shareholders.

51. Baseline has been damaged as a result of the defendants' actions for which Baseline is entitled to recover in an amount to be proven at trial, not less than $75,000.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

## COUNT II
### Direct Claim against all Defendants

52.  Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1-51 of this Complaint as if pleaded fully in this count.

53.  Hydropoint and the Individual Defendants have breached their fiduciary duty to Fordemwalt and the other minority shareholders by the actions detailed in this complaint.

54.  Hydropoint and the Individual Defendants have diluted the value of the Baseline minority shareholders to the benefit of Hydropoint, Baseline's largest shareholder.

55.  Hydropoint and the Individual Defendants have distinctly damaged the Baseline minority shareholders as every action taken to the detriment of Baseline generally, conferred a benefit on Hydropoint specifically.

56.  Fordemwalt has been damaged as a result of the defendants' actions for which Fordemwalt is entitled to recover in an amount to be proven at trial, not less than $75,000.

## COUNT III
### Derivative Claim against the Individual Defendants

57.  Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1-56 of this Complaint, as if pleaded fully in this count.

58. As directors of an Idaho corporation, the Individual Defendants are required to act in good faith and a manner they reasonably believe to be in the best interest of Baseline.  I.C. §30-29-830.

59. The Individual Directors failed to act in good faith and failed to act in a manner they reasonably believed to be in the best interest of Baseline and approved of and acquiesced to actions that were directly contradictory to Baseline's best interests.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

60. As a result of the Individual Defendant's actions, Baseline has been damaged for which Baseline is entitled to recover in an amount to be proven at trial, not less than $75,000.

## COUNT IV
### Direct Claim against the Individual Defendants

61. Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1-60 of this Complaint, as if pleaded fully in this count.

62. As directors of an Idaho corporation, the Individual Defendants are required to act in good faith and a manner they reasonably believe to be in the best interest of Baseline.  I.C. §30-29-830.

63. The Individual Directors failed to act in good faith and failed to act in a manner they reasonably believed to be in the best interest of Baseline and approved of and acquiesced to actions that were directly contradictory to Baseline's best interests.

64. The Individual Defendants have diluted the value of the Baseline minority shareholders to the benefit of Hydropoint, Baseline's largest shareholder.

65. Hydropoint and the Individual Defendants have distinctly damaged the Baseline minority shareholders as every action taken to the detriment of Baseline generally, conferred a benefit on Hydropoint specifically.

66. As a result of the Individual Defendant's actions, Fordemwalt has been damaged for which he is entitled to recover in an amount to be proven at trial, not less than $75,000.

## COUNT V
### Derivative Claim Against Hydropoint

67. Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1-66 of this Complaint as if pleaded fully in this count.

68. Baseline has conferred a benefit on Hydropoint as set forth in this Complaint.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

69. Hydropoint has received and appreciated the benefit conferred on it by Baseline.

70. If would be inequitable for Hydropoint to accept the benefits conferred on it by Baseline without payment to Baseline for the benefits' value.

71. As a result of Hydropoint's unjust enrichment, Baseline should be compensated in an amount to be proven at trial, not less than $75,000.

## COSTS AND ATTORNEY FEES

Defendant's unwarranted and unjustified refusal to compensate Plaintiff for his labor has compelled Plaintiff to retain the services of an attorney to prosecute this action.  As a result, Plaintiff is entitled to recover his attorney fees pursuant to Rule 54, Idaho Code §§ 12-120(3), 12-121 and 30-29-746. Plaintiff is entitled to recover his reasonable attorney fees in the sum of not less than four thousand dollars ($5,000.00) if judgment is entered by default, and such other amount as the Court may find reasonable if this matter is contested.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff respectfully prays for Judgment as follows:

(a) Monetary damages in an amount to be proven at trial from all Defendants and in favor of Baseline; and

(b) Monetary damages in an amount to be proven at trial from all Defendants and in favor of Fordemwalt; and

(c) Recission or any other equitable relief, deemed appropriate by the Court, of all of the self-interested transactions described herein or consummated or caused by the

**COMPLAINT AND DEMAND FOR JURY TRIAL - 12**

defendants, including, without limitation, all transactions between Baseline and Hydropoint; and

(d) Awarding Fordemwalt the costs and expenses of this suit, including attorney fees; and

(e) Awarding Fordemwalt and Baseline pre- and post-judgment interest at the statutory rate; and

(f) Such other relief as the Court may find just and proper.

DATED this 14th day of September, 2022.

FISHER HUDSON SHALLAT

_/s/ Vaughn Fisher_
Vaughn Fisher
*Attorney for Plaintiff*

**COMPLAINT AND DEMAND FOR JURY TRIAL - 13**

# EXHIBIT A



**FISHER HUDSON SHALLAT**

TRIAL LAWYERS

May 27, 2022

To: Baseline Corp. Board of Directors
Attention:  Teymour Boutros-Ghali, Director
C/o Shannon German
Via email to sgerman@wsgr.com

   Re:  Demand for action

Dear Mr. Boutros-Ghali:

  I represent John Fordemwalt regarding claims against Baseline, Inc. ("Baseline") regarding mismanagement and unfair dealings with its parent and majority shareholder, Hydropoint Data Systems ("Hydropoint").

  Demand is hereby made on behalf of Mr. Fordemwalt, a shareholder in Baseline, that the board of directors of the company take appropriate action to investigate waste and misconduct of corporate officers, directors and Hydropoint, and to recover for the company.  As outlined below, Hydropoint, along with several individuals, have usurped opportunities and resources from Baseline and otherwise breached their fiduciary duties to the company and its minority shareholders.  Please take immediate action as requested below:

1) **Management fees paid to Hydropoint Data Systems**.  Over the course of the last five years Baseline has paid exorbitant management fees of varying amounts to Hydropoint, its parent company.  We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted for these fees and what specifically was approved by the board.  We further demand the directors obtain the intracompany agreement and any other documents which govern the agreement between Baseline and Hydropoint.  We further demand the directors make an assessment of what specific services are received by Baseline and what those services would have otherwise cost.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount it has been overcharged and take measures to ensure this arrangement is stopped.

950 WEST BANNOCK STREET, STE 630  BOISE ID 83702  **T** 208.345.7000  **F** 208.514.1900  **FISHERHUDSON.COM**

2) **Diversion of sales opportunities from Baseline to Hydropoint.** Over the course of the last five years Baseline has created sales leads and opportunities for products and services which were diverted to Hydropoint. We demand the directors investigate the current and past state of sales integration, the co-use of a common customer resource management system and the usurpation of sales opportunities from Baseline by Hydropoint. We further demand the directors implement systems to separate Baseline's sales opportunities in a meaningful way to ensure that Baseline receives the revenue from all sales leads that it generates and closes. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount of revenue that it has lost by occasion of Hydropoint usurping sales and business opportunities.

3) **Sales of decoders to Hydropoint at cost.** Over the last several years Baseline has sold two-wire decoders to Hydropoint as cost which were resold at significant profit without any value to Baseline. Many 5201 decoders were sold to Hyrdopoint for $20.00 and then resold for in significantly higher amounts , unjustly enriching Hydropoint at Baseline's expense in an amount which is likely millions of dollars. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to sell products to Hydropoint at cost (or below market cost) and what specifically was approved by the Baseline board. We further demand the directors obtain any intracompany agreements and other documents which govern the provision of Baseline manufactured products to Hyrdopoint. We further demand the directors make an assessment of the revenue that Baseline lost and the amount by which Hyrdopoint was enriched in the resale of Baseline manufactured products. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the revenue it has lost and/or the value of Hyrdopoint's unjust enrichment.

4) **Research & Development and engineering spending.** Over the last several years Baseline continues to spend on engineering and research and development with no apparent value. We demand the directors investigate the total amounts Baseline has spent on research, development and engineering and assess what value Baseline receives from this outlay. We further demand the directors assess whether engineers or any other employees or contractors paid compensation by Baseline are or have been employed to complete tasks for Hydropoint. We further demand the directors make an assessment of the value of services and products paid for by Baseline for the benefit of Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the money it has lost in having its workforce and other resources utilized for Hydropoint's benefit and/or the value of Hydropoint's unjust enrichment.

5) **Loans to Hydropoint.** Baseline lent millions of dollars to Hydropoint at below market rates and without collateralization. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to make any loans to Hyrdopoint and what specifically was approved by the board. We further demand the directors obtain any intracompany agreements and

other documents which govern the agreement between Baseline and Hydropoint. We further demand the directors make an assessment of what business reason Baseline has for becoming a lender, what precautions and evaluations it took in making loans and the lost value of making loans to Hydropoint at below market rates. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the difference between the interest it received from Hydropoint and the interest it would have received from Hyrdopoint had Hydropoint paid fees and interests on the loan in an amount the same as other lenders were offering to Hydropoint at the time it borrowed money from Baseline.

6) **Integration of company resources.** Over the last several years various reporting items, accounting and other Baseline functions have been integrated into Hyrdopoint. Indeed, during a phone call in February 2022, Chris Spain told Mr. Fordemwalt that he was integrating the companies and that Baseline would become unrecognizable. Further, Baseline has permitted itself to be integrated with its parent through Netsuites. We demand the directors investigate the degree to which Baseline has been integrated into the operations of Hydropoint, the origins of such integration and which disinterested Baseline directors approved. We further demand the directors take steps to isolate operational and financial information which is specific to Baseline and implement systems which allow costs, revenue and profits and other metrics which are specific to Baseline to be easily identified and accounted for. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint.

7) **Accounting and asset control.** Over the last several years Hydropoint has exercises control and dominion over various Baseline assets and resources. We demand the directors investigate whether Hydropoint has exercised dominion over Baseline assets, including money and personnel, and discover under whose direction and why any assetswere removed from Baseline and whether the action was approved by disinterested Baseline directors. We further demand the directors make an accounting of all Baseline assets and whether any have been fully or partially usurped by Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint and return all Baseline assets to its accounting and control.

8) **Corporate Governance.** We demand the directors hold shareholder meetings, follow the bylaws and protect the interests of all Baseline shareholders, particularly those who are not Hydropoint shareholders. We demand the directors investigate all transactions and relations between Baseline and Hydropoint, whether they benefit all Baseline shareholders and whether they were approved by disinterested directors. We further demand that Baseline disavow any agreements or transactions with Hydropoint which were not properly approved and that Baseline be represented at the board level by Baseline shareholders and directors with no connection to Hydropoint. Finally, we

demand the directors take all necessary action, including litigation, to recover for Baseline any amounts paid to Hydropoint, its officers or employees which did not benefit Baseline or which was not properly approved by disinterested directors.

Given the foregoing circumstances, demand is hereby made on you as the board of directors that the following action be taken in the discharge of your fiduciary duties:

1) That you call a meeting of the board of directors of the company for the purpose of addressing the issues brought to your attention by this letter; and

2) That the board of directors demand the individuals responsible for the actions outlined in this letter furnish to the board appropriate written reports detailing the respective transactions described above and account for amounts and benefits received or enjoyed by reason of those transactions with the company, including the benefits conferred on Hydropoint; and

3) That the board of directors take action through independent counsel to investigate the transactions described above, and furnish us with progress reports and the facts and conclusions of the investigation; and

4) That the board of directors require and obtain repayment or compensation, by legal action if necessary, for all amounts which the company has been wrongfully caused to expend, or which the company has been wrongfully prevented from earning, or which the company is otherwise entitled to recover.

Failure to act as requested shall be considered evidence of control and domination of the board by Hydropoint, and evidence of the approval, acquiescence and participation by the majority of the board, in breach of the fiduciary duties owed by the directors to Baseline and its shareholders. If we are not advised within 14 days from the date of this demand that appropriate action is being taken, including steps to call a meeting of the board of directors to consider and take the above actions, then we will take such action on behalf of the Baseline shareholders. Finally, the directors and officer of Baseline must take all necessary steps to preserve all evidence, including electronically stored information, emails and text messages which relate to the issues raised in this letter.

Sincerely,

Vaughn Fisher

cc:    John Fordemwalt



**FISHER HUDSON SHALLAT**

TRIAL LAWYERS

May 27, 2022

To: Baseline Corp. Board of Directors
Attention: John Morrissey, Director
C/o Shannon German
Via email to sgerman@wsgr.com

       Re:    Demand for action

Dear Mr. Morrissey:

       I represent John Fordemwalt regarding claims against Baseline, Inc. ("Baseline") regarding mismanagement and unfair dealings with its parent and majority shareholder, Hydropoint Data Systems ("Hydropoint").

       Demand is hereby made on behalf of Mr. Fordemwalt, a shareholder in Baseline, that the board of directors of the company take appropriate action to investigate waste and misconduct of corporate officers, directors and Hydropoint, and to recover for the company. As outlined below, Hydropoint, along with several individuals, have usurped opportunities and resources from Baseline and otherwise breached their fiduciary duties to the company and its minority shareholders. Please take immediate action as requested below:

1) **Management fees paid to Hydropoint Data Systems.** Over the course of the last five years Baseline has paid exorbitant management fees of varying amounts to Hydropoint, its parent company. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted for these fees and what specifically was approved by the board. We further demand the directors obtain the intracompany agreement and any other documents which govern the agreement between Baseline and Hydropoint. We further demand the directors make an assessment of what specific services are received by Baseline and what those services would have otherwise cost. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount it has been overcharged and take measures to ensure this arrangement is stopped.

2) **Diversion of sales opportunities from Baseline to Hydropoint.** Over the course of the last five years Baseline has created sales leads and opportunities for products and services which were diverted to Hydropoint. We demand the directors investigate the current and past state of sales integration, the co-use of a common customer resource management system and the usurpation of sales opportunities from Baseline by Hydropoint. We further demand the directors implement systems to separate Baseline's sales opportunities in a meaningful way to ensure that Baseline receives the revenue from all sales leads that it generates and closes. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount of revenue that it has lost by occasion of Hydropoint usurping sales and business opportunities.

3) **Sales of decoders to Hydropoint at cost.** Over the last several years Baseline has sold two-wire decoders to Hydropoint as cost which were resold at significant profit without any value to Baseline. Many 5201 decoders were sold to Hyrdopoint for $20.00 and then resold for in significantly higher amounts , unjustly enriching Hydropoint at Baseline's expense in an amount which is likely millions of dollars. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to sell products to Hydropoint at cost (or below market cost) and what specifically was approved by the Baseline board. We further demand the directors obtain any intracompany agreements and other documents which govern the provision of Baseline manufactured products to Hydropoint. We further demand the directors make an assessment of the revenue that Baseline lost and the amount by which Hyrdopoint was enriched in the resale of Baseline manufactured products. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the revenue it has lost and/or the value of Hyrdopoint's unjust enrichment.

4) **Research & Development and engineering spending.** Over the last several years Baseline continues to spend on engineering and research and development with no apparent value. We demand the directors investigate the total amounts Baseline has spent on research, development and engineering and assess what value Baseline receives from this outlay. We further demand the directors assess whether engineers or any other employees or contractors paid compensation by Baseline are or have been employed to complete tasks for Hydropoint. We further demand the directors make an assessment of the value of services and products paid for by Baseline for the benefit of Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the money it has lost in having its workforce and other resources utilized for Hydropoint's benefit and/or the value of Hydropoint's unjust enrichment.

5) **Loans to Hydropoint.** Baseline lent millions of dollars to Hydropoint at below market rates and without collateralization. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to make any loans to Hyrdopoint and what specifically was approved by the board. We further demand the directors obtain any intracompany agreements and

other documents which govern the agreement between Baseline and Hydropoint.  We further demand the directors make an assessment of what business reason Baseline has for becoming a lender, what precautions and evaluations it took in making loans and the lost value of making loans to Hydropoint at below market rates.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the difference between the interest it received from Hydropoint and the interest it would have received from Hyrdopoint had Hydropoint paid fees and interests on the loan in an amount the same as other lenders were offering to Hydropoint at the time it borrowed money from Baseline.

6)  **Integration of company resources.**  Over the last several years various reporting items, accounting and other Baseline functions have been integrated into Hyrdopoint.  Indeed, during a phone call in February 2022, Chris Spain told Mr. Fordemwalt that he was integrating the companies and that Baseline would become unrecognizable.  Further, Baseline has permitted itself to be integrated with its parent through Netsuites.  We demand the directors investigate the degree to which Baseline has been integrated into the operations of Hydropoint, the origins of such integration and which disinterested Baseline directors approved.  We further demand the directors take steps to isolate operational and financial information which is specific to Baseline and implement systems which allow costs, revenue and profits and other metrics which are specific to Baseline to be easily identified and accounted for.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint.

7)  **Accounting and asset control.**  Over the last several years Hydropoint has exercises control and dominion over various Baseline assets and resources.  We demand the directors investigate whether Hydropoint has exercised dominion over Baseline assets, including money and personnel, and discover under whose direction and why any assetswere removed from Baseline and whether the action was approved by disinterested Baseline directors.  We further demand the directors make an accounting of all Baseline assets and whether any have been fully or partially usurped by Hydropoint.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint and return all Baseline assets to its accounting and control.

8)  **Corporate Governance.**  We demand the directors hold shareholder meetings, follow the bylaws and protect the interests of all Baseline shareholders, particularly those who are not Hydropoint shareholders.  We demand the directors investigate all transactions and relations between Baseline and Hydropoint, whether they benefit all Baseline shareholders and whether they were approved by disinterested directors.  We further demand that Baseline disavow any agreements or transactions with Hydropoint which were not properly approved and that Baseline be represented at the board level by Baseline shareholders and directors with no connection to Hydropoint.  Finally, we

demand the directors take all necessary action, including litigation, to recover for Baseline any amounts paid to Hydropoint, its officers or employees which did not benefit Baseline or which was not properly approved by disinterested directors.

Given the foregoing circumstances, demand is hereby made on you as the board of directors that the following action be taken in the discharge of your fiduciary duties:

1) That you call a meeting of the board of directors of the company for the purpose of addressing the issues brought to your attention by this letter; and

2) That the board of directors demand the individuals responsible for the actions outlined in this letter furnish to the board appropriate written reports detailing the respective transactions described above and account for amounts and benefits received or enjoyed by reason of those transactions with the company, including the benefits conferred on Hydropoint; and

3) That the board of directors take action through independent counsel to investigate the transactions described above, and furnish us with progress reports and the facts and conclusions of the investigation; and

4) That the board of directors require and obtain repayment or compensation, by legal action if necessary, for all amounts which the company has been wrongfully caused to expend, or which the company has been wrongfully prevented from earning, or which the company is otherwise entitled to recover.

Failure to act as requested shall be considered evidence of control and domination of the board by Hydropoint, and evidence of the approval, acquiescence and participation by the majority of the board, in breach of the fiduciary duties owed by the directors to Baseline and its shareholders. If we are not advised within 14 days from the date of this demand that appropriate action is being taken, including steps to call a meeting of the board of directors to consider and take the above actions, then we will take such action on behalf of the Baseline shareholders. Finally, the directors and officer of Baseline must take all necessary steps to preserve all evidence, including electronically stored information, emails and text messages which relate to the issues raised in this letter.

Sincerely,

Vaughn Fisher

cc:     John Fordemwalt



May 27, 2022

To: Baseline Corp. Board of Directors
Attention:  Lou Ryan, Jr., Director
C/o Shannon German
Via email to sgerman@wsgr.com

      Re:     Demand for action

Dear Mr. Ryan:

      I represent John Fordemwalt regarding claims against Baseline, Inc. ("Baseline") regarding mismanagement and unfair dealings with its parent and majority shareholder, Hydropoint Data Systems ("Hydropoint").

      Demand is hereby made on behalf of Mr. Fordemwalt, a shareholder in Baseline, that the board of directors of the company take appropriate action to investigate waste and misconduct of corporate officers, directors and Hydropoint, and to recover for the company.  As outlined below, Hydropoint, along with several individuals, have usurped opportunities and resources from Baseline and otherwise breached their fiduciary duties to the company and its minority shareholders.  Please take immediate action as requested below:

1) **Management fees paid to Hydropoint Data Systems.**  Over the course of the last five years Baseline has paid exorbitant management fees of varying amounts to Hydropoint, its parent company.  We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted for these fees and what specifically was approved by the board.  We further demand the directors obtain the intracompany agreement and any other documents which govern the agreement between Baseline and Hydropoint.  We further demand the directors make an assessment of what specific services are received by Baseline and what those services would have otherwise cost.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount it has been overcharged and take measures to ensure this arrangement is stopped.

2) **Diversion of sales opportunities from Baseline to Hydropoint.** Over the course of the last five years Baseline has created sales leads and opportunities for products and services which were diverted to Hydropoint. We demand the directors investigate the current and past state of sales integration, the co-use of a common customer resource management system and the usurpation of sales opportunities from Baseline by Hydropoint. We further demand the directors implement systems to separate Baseline's sales opportunities in a meaningful way to ensure that Baseline receives the revenue from all sales leads that it generates and closes. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount of revenue that it has lost by occasion of Hydropoint usurping sales and business opportunities.

3) **Sales of decoders to Hydropoint at cost.** Over the last several years Baseline has sold two-wire decoders to Hydropoint as cost which were resold at significant profit without any value to Baseline. Many 5201 decoders were sold to Hyrdopoint for $20.00 and then resold for in significantly higher amounts , unjustly enriching Hydropoint at Baseline's expense in an amount which is likely millions of dollars. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to sell products to Hydropoint at cost (or below market cost) and what specifically was approved by the Baseline board. We further demand the directors obtain any intracompany agreements and other documents which govern the provision of Baseline manufactured products to Hyrdopoint. We further demand the directors make an assessment of the revenue that Baseline lost and the amount by which Hyrdopoint was enriched in the resale of Baseline manufactured products. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the revenue it has lost and/or the value of Hyrdopoint's unjust enrichment.

4) **Research & Development and engineering spending.** Over the last several years Baseline continues to spend on engineering and research and development with no apparent value. We demand the directors investigate the total amounts Baseline has spent on research, development and engineering and assess what value Baseline receives from this outlay. We further demand the directors assess whether engineers or any other employees or contractors paid compensation by Baseline are or have been employed to complete tasks for Hydropoint. We further demand the directors make an assessment of the value of services and products paid for by Baseline for the benefit of Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the money it has lost in having its workforce and other resources utilized for Hydropoint's benefit and/or the value of Hydropoint's unjust enrichment.

5) **Loans to Hydropoint.** Baseline lent millions of dollars to Hydropoint at below market rates and without collateralization. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to make any loans to Hyrdopoint and what specifically was approved by the board. We further demand the directors obtain any intracompany agreements and

other documents which govern the agreement between Baseline and Hydropoint. We further demand the directors make an assessment of what business reason Baseline has for becoming a lender, what precautions and evaluations it took in making loans and the lost value of making loans to Hydropoint at below market rates. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the difference between the interest it received from Hydropoint and the interest it would have received from Hyrdopoint had Hydropoint paid fees and interests on the loan in an amount the same as other lenders were offering to Hydropoint at the time it borrowed money from Baseline.

6) **Integration of company resources.** Over the last several years various reporting items, accounting and other Baseline functions have been integrated into Hyrdopoint. Indeed, during a phone call in February 2022, Chris Spain told Mr. Fordemwalt that he was integrating the companies and that Baseline would become unrecognizable. Further, Baseline has permitted itself to be integrated with its parent through Netsuites. We demand the directors investigate the degree to which Baseline has been integrated into the operations of Hydropoint, the origins of such integration and which disinterested Baseline directors approved. We further demand the directors take steps to isolate operational and financial information which is specific to Baseline and implement systems which allow costs, revenue and profits and other metrics which are specific to Baseline to be easily identified and accounted for. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint.

7) **Accounting and asset control.** Over the last several years Hydropoint has exercises control and dominion over various Baseline assets and resources. We demand the directors investigate whether Hydropoint has exercised dominion over Baseline assets, including money and personnel, and discover under whose direction and why any assetswere removed from Baseline and whether the action was approved by disinterested Baseline directors. We further demand the directors make an accounting of all Baseline assets and whether any have been fully or partially usurped by Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint and return all Baseline assets to its accounting and control.

8) **Corporate Governance.** We demand the directors hold shareholder meetings, follow the bylaws and protect the interests of all Baseline shareholders, particularly those who are not Hydropoint shareholders. We demand the directors investigate all transactions and relations between Baseline and Hydropoint, whether they benefit all Baseline shareholders and whether they were approved by disinterested directors. We further demand that Baseline disavow any agreements or transactions with Hydropoint which were not properly approved and that Baseline be represented at the board level by Baseline shareholders and directors with no connection to Hydropoint. Finally, we

demand the directors take all necessary action, including litigation, to recover for Baseline any amounts paid to Hydropoint, its officers or employees which did not benefit Baseline or which was not properly approved by disinterested directors.

Given the foregoing circumstances, demand is hereby made on you as the board of directors that the following action be taken in the discharge of your fiduciary duties:

1) That you call a meeting of the board of directors of the company for the purpose of addressing the issues brought to your attention by this letter; and

2) That the board of directors demand the individuals responsible for the actions outlined in this letter furnish to the board appropriate written reports detailing the respective transactions described above and account for amounts and benefits received or enjoyed by reason of those transactions with the company, including the benefits conferred on Hydropoint; and

3) That the board of directors take action through independent counsel to investigate the transactions described above, and furnish us with progress reports and the facts and conclusions of the investigation; and

4) That the board of directors require and obtain repayment or compensation, by legal action if necessary, for all amounts which the company has been wrongfully caused to expend, or which the company has been wrongfully prevented from earning, or which the company is otherwise entitled to recover.

Failure to act as requested shall be considered evidence of control and domination of the board by Hydropoint, and evidence of the approval, acquiescence and participation by the majority of the board, in breach of the fiduciary duties owed by the directors to Baseline and its shareholders. If we are not advised within 14 days from the date of this demand that appropriate action is being taken, including steps to call a meeting of the board of directors to consider and take the above actions, then we will take such action on behalf of the Baseline shareholders. Finally, the directors and officer of Baseline must take all necessary steps to preserve all evidence, including electronically stored information, emails and text messages which relate to the issues raised in this letter.

Sincerely,

Vaughn Fisher

cc:     John Fordemwalt



May 27, 2022

To: Baseline Corp. Board of Directors
Attention:  Christopher Spain, Director
C/o Shannon German
Via email to sgerman@wsgr.com

      Re:    Demand for action

Dear Mr. Spain:

      I represent John Fordemwalt regarding claims against Baseline, Inc. ("Baseline") regarding mismanagement and unfair dealings with its parent and majority shareholder, Hydropoint Data Systems ("Hydropoint").

      Demand is hereby made on behalf of Mr. Fordemwalt, a shareholder in Baseline, that the board of directors of the company take appropriate action to investigate waste and misconduct of corporate officers, directors and Hydropoint, and to recover for the company.  As outlined below, Hydropoint, along with several individuals, have usurped opportunities and resources from Baseline and otherwise breached their fiduciary duties to the company and its minority shareholders.  Please take immediate action as requested below:

1) **Management fees paid to Hydropoint Data Systems**.  Over the course of the last five years Baseline has paid exorbitant management fees of varying amounts to Hydropoint, its parent company.  We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted for these fees and what specifically was approved by the board.  We further demand the directors obtain the intracompany agreement and any other documents which govern the agreement between Baseline and Hydropoint.  We further demand the directors make an assessment of what specific services are received by Baseline and what those services would have otherwise cost.  Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount it has been overcharged and take measures to ensure this arrangement is stopped.

2) **Diversion of sales opportunities from Baseline to Hydropoint.** Over the course of the last five years Baseline has created sales leads and opportunities for products and services which were diverted to Hydropoint. We demand the directors investigate the current and past state of sales integration, the co-use of a common customer resource management system and the usurpation of sales opportunities from Baseline by Hydropoint. We further demand the directors implement systems to separate Baseline's sales opportunities in a meaningful way to ensure that Baseline receives the revenue from all sales leads that it generates and closes. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the amount of revenue that it has lost by occasion of Hydropoint usurping sales and business opportunities.

3) **Sales of decoders to Hydropoint at cost.** Over the last several years Baseline has sold two-wire decoders to Hydropoint as cost which were resold at significant profit without any value to Baseline. Many 5201 decoders were sold to Hyrdopoint for $20.00 and then resold for in significantly higher amounts , unjustly enriching Hydropoint at Baseline's expense in an amount which is likely millions of dollars. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to sell products to Hydropoint at cost (or below market cost) and what specifically was approved by the Baseline board. We further demand the directors obtain any intracompany agreements and other documents which govern the provision of Baseline manufactured products to Hyrdopoint. We further demand the directors make an assessment of the revenue that Baseline lost and the amount by which Hyrdopoint was enriched in the resale of Baseline manufactured products. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the revenue it has lost and/or the value of Hyrdopoint's unjust enrichment.

4) **Research & Development and engineering spending.** Over the last several years Baseline continues to spend on engineering and research and development with no apparent value. We demand the directors investigate the total amounts Baseline has spent on research, development and engineering and assess what value Baseline receives from this outlay. We further demand the directors assess whether engineers or any other employees or contractors paid compensation by Baseline are or have been employed to complete tasks for Hydropoint. We further demand the directors make an assessment of the value of services and products paid for by Baseline for the benefit of Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the money it has lost in having its workforce and other resources utilized for Hydropoint's benefit and/or the value of Hydropoint's unjust enrichment.

5) **Loans to Hydropoint.** Baseline lent millions of dollars to Hydropoint at below market rates and without collateralization. We demand the directors investigate the circumstances under which this arrangement evolved, which disinterested Baseline directors voted to make any loans to Hyrdopoint and what specifically was approved by the board. We further demand the directors obtain any intracompany agreements and

other documents which govern the agreement between Baseline and Hydropoint. We further demand the directors make an assessment of what business reason Baseline has for becoming a lender, what precautions and evaluations it took in making loans and the lost value of making loans to Hydropoint at below market rates. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline the difference between the interest it received from Hydropoint and the interest it would have received from Hyrdopoint had Hydropoint paid fees and interests on the loan in an amount the same as other lenders were offering to Hydropoint at the time it borrowed money from Baseline.

6) **Integration of company resources.** Over the last several years various reporting items, accounting and other Baseline functions have been integrated into Hyrdopoint. Indeed, during a phone call in February 2022, Chris Spain told Mr. Fordemwalt that he was integrating the companies and that Baseline would become unrecognizable. Further, Baseline has permitted itself to be integrated with its parent through Netsuites. We demand the directors investigate the degree to which Baseline has been integrated into the operations of Hydropoint, the origins of such integration and which disinterested Baseline directors approved. We further demand the directors take steps to isolate operational and financial information which is specific to Baseline and implement systems which allow costs, revenue and profits and other metrics which are specific to Baseline to be easily identified and accounted for. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint.

7) **Accounting and asset control.** Over the last several years Hydropoint has exercises control and dominion over various Baseline assets and resources. We demand the directors investigate whether Hydropoint has exercised dominion over Baseline assets, including money and personnel, and discover under whose direction and why any assetswere removed from Baseline and whether the action was approved by disinterested Baseline directors. We further demand the directors make an accounting of all Baseline assets and whether any have been fully or partially usurped by Hydropoint. Finally, we demand the directors take all necessary action, including litigation, to recover for Baseline any amounts found to have been improperly used to the benefit of Hydropoint and return all Baseline assets to its accounting and control.

8) **Corporate Governance.** We demand the directors hold shareholder meetings, follow the bylaws and protect the interests of all Baseline shareholders, particularly those who are not Hydropoint shareholders. We demand the directors investigate all transactions and relations between Baseline and Hydropoint, whether they benefit all Baseline shareholders and whether they were approved by disinterested directors. We further demand that Baseline disavow any agreements or transactions with Hydropoint which were not properly approved and that Baseline be represented at the board level by Baseline shareholders and directors with no connection to Hydropoint. Finally, we

demand the directors take all necessary action, including litigation, to recover for Baseline any amounts paid to Hydropoint, its officers or employees which did not benefit Baseline or which was not properly approved by disinterested directors.

Given the foregoing circumstances, demand is hereby made on you as the board of directors that the following action be taken in the discharge of your fiduciary duties:

1) That you call a meeting of the board of directors of the company for the purpose of addressing the issues brought to your attention by this letter; and

2) That the board of directors demand the individuals responsible for the actions outlined in this letter furnish to the board appropriate written reports detailing the respective transactions described above and account for amounts and benefits received or enjoyed by reason of those transactions with the company, including the benefits conferred on Hydropoint; and

3) That the board of directors take action through independent counsel to investigate the transactions described above, and furnish us with progress reports and the facts and conclusions of the investigation; and

4) That the board of directors require and obtain repayment or compensation, by legal action if necessary, for all amounts which the company has been wrongfully caused to expend, or which the company has been wrongfully prevented from earning, or which the company is otherwise entitled to recover.

Failure to act as requested shall be considered evidence of control and domination of the board by Hydropoint, and evidence of the approval, acquiescence and participation by the majority of the board, in breach of the fiduciary duties owed by the directors to Baseline and its shareholders. If we are not advised within 14 days from the date of this demand that appropriate action is being taken, including steps to call a meeting of the board of directors to consider and take the above actions, then we will take such action on behalf of the Baseline shareholders. Finally, the directors and officer of Baseline must take all necessary steps to preserve all evidence, including electronically stored information, emails and text messages which relate to the issues raised in this letter.

Sincerely,

Vaughn Fisher

cc:     John Fordemwalt